UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Anhwar Telly Young,

    Defendant

Case No. 2:09-cr-00340-JAD-GWF

**Order Directing
Conditional Release**

On June 17, 2019, the Court convened a hearing in accordance with 18 U.S.C. §§ 4243 and 4247(d) to discuss the Certificate and Recommendation of Conditional Release[1] filed by the Warden of the Federal Medical Center in Rochester, Minnesota, requesting the conditional release of ANHWAR TELLY YOUNG, whom this Court found Not Guilty by Reason of Insanity and committed for hospitalization on April 23, 2012. Present at the hearing were AUSA Nicholas Dickinson; and AFPD Monique Kirtley, counsel for Anhwar Telly Young. Present by telephone were Elizabeth Meyers, LICSW, Social Worker; Jason Gabel, Ph.D., LP., Chief of Psychology; Gina Masessa, Psy.D., L.P. Licensed Clinical Psychologist, United States Public Health Services; and Anhwar Telly Young. The Court canvassed all participants, and Dr. Gabel confirmed the unanimous conclusions of the panel as stated in the Risk Assessment Report on which the Certificate of Conditional Release was premised, that Mr. Young's conditional release under a prescribed regimen of medical, psychiatric, or psychological treatment will not create a substantial risk of bodily injury to another person or serious damage to the property of another;

---

[1] ECF No. 112.

that the conditions below will adequately control and minimize any risks related to Mr. Young's release from custody due to the nature of the structure, treatment, and supervision he will receive; and that intervention in the form of psychiatric hospitalization or revocation should occur if Mr. Young becomes noncompliant with psychiatric medication, absconds, makes threatening statements, or engages in aggressive behavior.[2]

After careful review of the report and consideration of the testimony and statements presented, the Court finds that Anhwar Telly Young's conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment will no longer create a substantial risk of bodily injury to another person or serious damage to the property of another. Therefore, conditional discharge, under the supervision by the United States Probation Office for a period of five years, is appropriate under the conditions set forth below.

Pursuant to 18 U.S.C. §§ 4243 and 4247, **IT IS HEREBY ORDERED that ANHWAR TELLY YOUNG be discharged from his commitment to the custody of the Attorney General subject to the following conditions**:

1. Mr. Young must reside at 4130 W. Ramona Ave., Fresno, CA 93722 and not make any changes in his residence without the advance approval of his mental-health providers and the final approval of the Supervising U.S. Probation Officer.

2. Mr. Young must comply with all recommendations of treatment and keep all mental-health appointments at Fresno County Behavioral Health or another mental-health provider/facility approved by the U.S. Probation Officer. Mr. Young may not change mental-health providers without advance approval of the U.S. Probation Officer.

---

[2] *Id*.

3. Mr. Young must comply with psychiatric treatment as directed by the treatment team and the U.S. Probation Office, to include oral and injectable psychotropic medications.

4. While Mr. Young is on conditional release, he may be admitted to an inpatient facility or placed in a crisis-stabilization facility if his treating clinicians and the U.S. Probation Officer deem it is necessary for his safety or the safety of the community.

5. Mr. Young must abstain from the use of alcohol and other drugs not prescribed by his treating physician. His treating physician must notify the U.S. Probation Officer of any changes in the administration of anti-psychotic drugs.

6. Mr. Young must refrain from any unlawful use of a controlled substance. Mr. Young must submit to urinalysis or other testing methods for detecting the use of controlled substances, and he must undergo regular urine and serum blood-level screening if ordered by the treating physician and U.S. Probation Officer to ensure abstinence from substances and the maintenance of a therapeutic level of medication.

7. Mr. Young must participate in outpatient/inpatient substance abuse counseling as directed by the U.S. Probation Officer, if deemed necessary.

8. Mr. Young must submit to the search of his person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. Mr. Young must warn any other residents that the premises may be subject to search under this condition.

9. Mr. Young must not commit another federal, state, or local crime.

10. The U.S. Probation Office will supervise Mr. Young for a specified period imposed by the Court to ensure his compliance. Mr. Young waives his right to confidentiality

regarding his mental-health treatment in order to allow sharing of information with the Supervising Probation Officer who will assist in evaluating the ongoing appropriateness of community placement.

11. The medical provider may at any time recommend modification or elimination of the regimen of medical, psychiatric, or psychological care or treatment, upon certification to this Court that it would not create a substantial risk of bodily injury to another person or serious damage to the property of another. Any party requesting modification or termination of these Conditions of Release must submit adequate documentation supporting the request through the Supervisory U.S. Probation Officer, to the Civil Division of the U.S. Attorney's office for the Eastern District of California, to determine whether a motion for release should be filed.

12. Mr. Young must report to the probation officer in the federal judicial district where he is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs him to report to a different probation office or within a different time frame.

13. After initially reporting to the probation office, Mr. Young will receive instructions from the Court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed.

14. Mr. Young must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the Court or the probation officer.

15. Mr. Young must answer truthfully the questions asked by the probation officer.

16. Mr. Young must live at a place approved by the probation officer. If he plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change. If notifying the

probation officer in advance is not possible due to unanticipated circumstances, Mr. Young must notify the probation officer within 72 hours of becoming aware of a change or expected change.

17. Mr. Young must allow the probation officer to visit him at any time at his home or elsewhere, and he must permit the probation officer to take any items prohibited by the conditions of his supervision that he or she observes in plain view.

18. Mr. Young must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses him from doing so. If he does not have full-time employment, he must try to find full-time employment, unless the probation officer excuses him from doing so. If he plans to change where he works or anything about his work (such as job position or job responsibilities), he must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.

19. Mr. Young must not communicate or interact with someone he knows is engaged in criminal activity. If he knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

20. If Mr. Young is arrested or questioned by a law-enforcement officer, he must notify the probation officer within 72 hours of that contact.

21. Mr. Young must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed or was modified for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

22. Mr. Young must not act, or make any agreement with a law-enforcement agency to act, as a confidential human source or informant without first getting the permission of the Court.

23. If the probation officer determines that Mr. Young poses a risk to another person (including an organization), the probation officer may require him to notify the person about the risk, and he must comply with that instruction. The probation officer may contact the person to confirm that Mr. Young has notified the person about the risk.

24. Mr. Young must follow the instructions of the probation officer as related to the conditions of supervision.

25. Mr. Young's failure to adhere to any of these conditions may result in him being located, taken into custody, and subsequently reviewed by the federal court of jurisdiction for suitability for continued release to the community.

**IT IS HEREBY ORDERED** that Anhwar Telly Young be released from FMC Rochester as soon as transportation arrangements have been made to transport Mr. Young from FMC Rochester to Fresno, California.

The Clerk of Court is directed to SEND a copy of this order to Warden, Federal Medical Center, P.O. Box 4600, Rochester, MN55903-4600, reference Reg. No. 43660-048, and to U.S. Probation Office, Eastern District of California, 2500 Tulare Street, Suite 3401, Fresno, CA 93721-1330.

Dated: June 19, 2019

_____
U.S. District Judge Jennifer A. Dorsey